MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S NOTICE OF SUPPLEMENTAL AUTHORITY L.R. CR 47.4** |

**NOTICE**

On Friday, April 21, 2023, the parties filed their respective trial briefs. In the government's trial brief at pages 10-11, the United States references a plea agreement that "would have been more beneficial to the defendant than a conviction following trial." The brief further states that "[t]he plea agreement represented, in the government's view, the most favorable offer extended to the defendant." Further

1

the government requested that "the Court make an inquiry to ensure the record is protected." (*See* ECF No. 166, pp. 10-11).

In response to this, the defense raises the issue of inconsistent theories in its trial brief at ECF 167, pp. 13-14. The following decisions relate to this discussion and are offered as supplemental authority:

> *Thompson v. Calderon*, 120 F.3d 1045, 1057–59 (9th Cir.1997) (en banc plurality) (holding that a defendant's due process rights were violated where the prosecution argued at his trial that he alone committed a murder, but argued at a subsequent trial that another defendant actually committed the same murder and, in doing so, "discredited the very evidence" it had offered in the first trial), rev'd on other grounds, 523 U.S. 538 (1998).
>
> In *Bradshaw v. Stumpf*, 545 U.S. 175 (2005), petitioner, Stumpf, and another man, Wesley, carried guns to the home of Mr. and Mrs. Stout, intending to commit an armed robbery. 125 S.Ct. at 2402. Stumpf admitted that he shot Mr. Stout, but denied that he shot Mrs. Stout. Id. at 2403. Stumpf argued that the prosecutor has asserted inconsistent theories regarding who actually shot Mrs. Stout. The Supreme Court stated that the precise identity of the triggerman was immaterial to Stumpf's conviction of the aggravated murder of Mrs. Stout because both men could be found guilty of the crime under Ohio law, either as the shooter or as an aider and abettor. Id. at 2406. Therefore, the Supreme Court held that "[t]he Court of Appeals was wrong to hold that prosecutorial inconsistencies between the Stumpf and Wesley cases required voiding Stumpf's guilty plea." Id. at 2407. However, the Supreme Court held that inconsistent theories might have a more direct effect in the sentencing phase of Stumpf's case and remanded it for consideration of whether the prosecutor's action amounted to a prejudicial due process violation in connection with Stumpf's sentencing. Id. at 2407-08.

## CONCLUSION

WHEREFORE, Mr. DeFrance concludes his notice of supplemental authority pursuant to L.R. CR 47.4.

RESPECTFULLY SUBMITTED this 23rd day of April, 2023.

/s/ Michael Donahoe
MICHAEL DONAHOE
Assistant Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on April 23, 2023, a copy of the foregoing document was served on the following persons by the following means:

__1__        CM-ECF

__2__        Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   TIMOTHY J. RACICOT
   Assistant United States Attorneys
   United States Attorney's Office
   101 East Front Street, Suite 401
   Missoula, MT 59802
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

                              /s/ Michael Donahoe
                              FEDERAL DEFENDERS OF MONTANA